IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHASE HOME FINANCE, LLC,

                              Plaintiff,

        v.                                          1:05-cv-3082-WSD

RUTH MUNGARO,

                              Defendant.

## ORDER

Plaintiff filed this action in the Magistrate Court of Henry County, Georgia on August 16, 2005, alleging Defendant is a tenant at sufferance of real property located in McDonough, Georgia. Plaintiff seeks a dispossessory warrant pursuant to O.C.G.A. § 44-7-50. On December 5, 2005, Defendant removed the case to this Court, alleging that Plaintiff's foreclosure on the McDonough, Georgia property was unlawful.

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject-matter jurisdiction to

hear a case, even if no party raises the question of jurisdiction by motion.  Id.;
Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal
court is powerless to act beyond its statutory grant of subject matter jurisdiction, a
court must zealously insure that jurisdiction exists over a case, and should itself
raise the question of subject matter jurisdiction at any point in the litigation where a
doubt about jurisdiction arises.").  Here, Defendant's removal to this Court raises a
jurisdictional issue which the Court, *sua sponte*, must address before it proceeds
further.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears
that the district court lacks subject matter jurisdiction, the case shall be
remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d
1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte*
decide to remand the case for lack of subject-matter jurisdiction).

　　　　"[A]ny action brought in a State court of which the district courts of the
United States have original jurisdiction, may be removed by the defendant . . . to
the district court of the United States for the district and division embracing the
place where such action is pending."  28 U.S.C. § 1441(a).  Removal generally is
appropriate in three circumstances:  (1) the parties are diverse and meet the
statutory requirements for diversity jurisdiction; (2) the face of the complaint raises

a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted. Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant in her Notice of Removal asserts that removal is proper on the basis of federal-question jurisdiction. Specifically, she alleges that Plaintiff's foreclosure on the McDonough, Georgia property violated the United States Constitution, the Fair Debt Collection Practices Act, and Article 3 of the Uniform Commercial Code. (Notice of Removal at 1-2.) These allegations are insufficient to demonstrate that the Court has subject-matter jurisdiction in this case.

"To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to

-3-

his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate."). In this case, Plaintiff's Complaint relies exclusively on state law, and thus does not satisfy the well-pleaded complaint rule. In addition, Defendant fails to allege grounds for the application of any exception to the well-pleaded complaint rule, such as complete preemption. Because Defendant fails to demonstrate that the Court has subject-matter jurisdiction over this case, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c). Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is **DIRECTED** to **REMAND** this action to the Magistrate Court of Henry County, Georgia.

**SO ORDERED**, this 8th day of December, 2005.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE